**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **EDITH PUENTE,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Case No. 1:15-cv-190** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | |

**DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL**

Defendant State Farm Lloyds files this Notice of Removal.

**PROCEDURAL BACKGROUND**

1.  On August 26, 2015, State Farm Lloyds ("State Farm") filed an ancillary proceeding in the 444th Judicial District Court, Cameron County, Texas, seeking an order compelling appraisal on insurance claim number 53-550R-969, pursuant to policy number 83-BZ-Z237-2 (the "Policy") issued to Respondent Edith Puente ("Puente"), following Puente's refusal to participate in the appraisal process.  Said ancillary proceeding was docketed under cause number 2015-DCL-05314.

2.  In response to State Farm's application to compel appraisal, Edith Puente filed the following pleading:  *Respondent and Real Party In Interest Edith Puente's, also plaintiff herein, Original Answer and Response to State Farm's Application to Compel Appraisal, and Subject Thereto, Plaintiff's Original Petition* (hereinafter, "State Court Action").  Said pleading, which included plaintiff's new lawsuit, was filed on September 21, 2015, and included a jury demand.  See Index of Matters Being Filed and List of All Counsel of Record, Exhibit 2-C.

3.  On October 8, 2015, State Farm filed its Original Answer to Plaintiff's Original Petition in the State Court Action.

4.   On October 14, 2015, the undersigned counsel filed their Notice of Appearance.

5.   Because this Notice of Removal is filed within 30 days after the Plaintiff's commencement of her suit, it is timely filed pursuant to 28 U.S.C. § 1446.

## NATURE OF THE SUIT

6.   The State Court Action which has been filed by Plaintiff Edith Puente involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiff's claim for damages allegedly caused by a wind and hailstorm on November 2, 2014. See *Respondent and Real Party In Interest Edith Puente's, also plaintiff herein, Original Answer and Response to State Farm's Application to Compel Appraisal, and Subject Thereto, Plaintiff's Original Petition* at ¶ II. Plaintiff asserts causes of action against State Farm Lloyds including for violations of Chapter 541 of the Texas Insurance Code, breach of contract, and negligence. *Id.* at ¶ III.

## BASIS FOR REMOVAL

7.   The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm Lloyds) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.   At the time the State Court Action was commenced, Plaintiff Edith Puente was, and still is, a resident and citizen of Texas residing in Cameron County.

9.   Defendant State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois. State Farm Lloyds is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code.   It consists of an unincorporated association of

underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

10. Plaintiff's Original Petition contains a conclusory statement that "Plaintiff's damages are less than $75,000.00." *Id.* at ¶ III.  In her Original Petition, Plaintiff seeks treble damages under the Texas Insurance Code, statutory penalty interest and consequential damages, attorney's fees and expenses which "Plaintiff has and will incur", and additional punitive/exemplary damages.  In her pleading, the Plaintiff wholly fails to plead and segregate the respective monetary amounts sought for actual damages, additional damages, attorney's fees, and punitive or exemplary damages.  In addition, rather than requesting a *Level 1* discovery control plan applicable to civil cases, such as this case, where the monetary damages sought *do not* exceed $100,000, Plaintiff inconsistently requests a *Level 3* discovery control plan which is reserved for cases not governed by TRCP 169 (expedited actions).

11. Significantly, approximately five (5) months prior to filing her State Court Action, Plaintiff sent State Farm a demand letter, a copy of which is attached hereto and incorporated by reference.  See Index of Matters Being Filed and List of All Counsel of Record, Exhibit 2-A.  The demand letter included a "Damage Model" as well as an estimate of Plaintiff's alleged damages under the policy.  The Damage Model at that time totaled $29,870.82, however, it did not include several of the elements of additional damages now being sought in the State Court Action.

12. In addition, while it appears Plaintiff makes some attempt to plead monetary relief of $100,000 or less, pursuant to Texas Rule of Civil Procedure 47, in one section of the State Court Action, in another section the Plaintiff also inconsistently asserts that she will "ask a jury of her peers to assess a fair and reasonable amount of money damages as compensation for her economic and non-economic injuries, as well as punishment for Defendant's actions." *Id.* at ¶ III under "Damages".

13. The prior course of dealings between the undersigned counsel and Plaintiff's counsel herein has made clear Plaintiff's counsel have no intention of executing "any sort of binding stipulation agreements" and limiting damages in their cases.[1] See Exhibit 5 attached hereto.

14. Accordingly, as shown by Plaintiff's demand and her original petition, the amount in controversy requirement for removal is satisfied.[2]

## REMOVAL IS PROCEDURALLY CORRECT

15. Removal is procedurally correct.

---

[1] *Vidaurri v. H.M.R. Props.,* No. SA-06-CA-1124-FB, 2007 WL 1512029, 2007 U.S. Dist. LEXIS 39671, at *22 (W.D. Tex. Mar. 8, 2007) (finding no legal certainty that the amount in controversy was less than $75,000 because the plaintiff did not provide "a binding stipulation that she will not seek *or accept* more than $75,000.00" (emphasis added)); *Lite-Martin v. Sw. PCS, L.P.,* No. SA-03-CA-867-XR, 2003 WL 22477694, 2003 U.S. Dist. LEXIS 19446, at *9 (W.D. Tex. Nov. 3, 2003) ("Although in her petition, Plaintiff attempts to state that damages will not exceed $74,000, Plaintiff does not stipulate that she will not seek more than $74,000.").

[2] State Farm Lloyds would show that after consideration of pleadings, arguments, and facts *materially identical* to those at issue in this case, and involving the same counsel, the following Southern District Courts have consistently upheld removal, finding the amount in controversy was satisfied: *Delgado v. State Farm Lloyds,* No. 7:15-cv000292 (S.D. Tex. Aug. 19, 2015)(Dkt. No. 4) (Senior U.S. District Judge Kazen denying remand and holding Plaintiffs' Damage Model does not take into account other damages sought in petition, including statutory treble damages and punitive damages which must be included in calculating the amount in controversy); *Valdez v. State Farm Lloyds,* No. 7:15-cv-291 (S.D. Tex.. Sept. 25, 2015)(Dkt. No. 15) (U.S. District Judge Alvarez denying remand and stating "nowhere in the damage model is any reference made to punitive damages…" "If Plaintiff's claim for punitive damages is successful, Plaintiff could receive 'up to three (3) times the amount of actual damages sought…' ) *Villarreal v. State Farm Lloyds,* 2015 U.S. Dist. LEXIS 136559 (S.D. Tex. Oct. 7, 2015) (US District Judge Alvarez denying remand and stating "Plaintiff's specific sum does not control the Court's analysis" "It is quite clear to the Court that Defendant's basis for jurisdiction was unambiguous at the time of removal.")

16. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of Plaintiff's commencement of her State Court Action.

17. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

18. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm Lloyds in the State Court Action are attached herein to the Index of Matters Being Filed and List of All Counsel of Record (Exhibits 1-4).

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Defendant's Original Notice of Removal was promptly given to all parties and to the clerk of the 444th Judicial District Court of Cameron County, Texas.

20. All documents required by Local Rule 81 to be filed with this Notice of Removal are attached herein to the Index of Matters Being Filed and List of All Counsel of Record (Exhibits 1-4).

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be entitled.

Respectfully submitted,

_/s/ Sofia A. Ramon_

Sofia A. Ramon
TSBN 00784811/SDOT 20871
**ATLAS, HALL & RODRIGUEZ, LLP**
818 Pecan Blvd. (78501)
P.O. Box 3725
McAllen, Texas 78502-3725
(956) 682-5501 – Phone
(956) 686-6109 – Fax
**ATTORNEY IN CHARGE FOR DEFENDANT**

Of Counsel:

Dan K. Worthington
TSBN 00785282 / SDOT 15353
Michael Rodriguez
TSBN 00791553 / SDOT 18759
**ATLAS, HALL & RODRIGUEZ, LLP**
818 W. Pecan Blvd. (78501)
P.O. Box 3275
McAllen, Texas 78502
(956) 682-5501 – Phone
(956) 686-6109 – Fax

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record on the 21st day of October, 2015, as indicated below:

Joshua P. Davis
Katie Ray
**Josh Davis Law Firm**
1010 Lamar, Suite 200
Houston, Texas  77002
(713) 337-4100 – Phone
(713) 337-4101 – Fax
**Attorneys for Plaintiff**

_/s/ Sofia A. Ramon_

Sofia A. Ramon

-6-