# Exhibit 2-A

Application to Compel Appraisal

FILED
2015-DCL-05314
8/26/2015 8:53:45 AM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
6652710

CAUSE NO. _____ 2015-DCL-05314

| | | |
|---|---|---|
| IN RE: POLICY OF INSURANCE | § | IN THE DISTRICT COURT OF |
| NO. 83-BZ-Z237-2 | § | Cameron County - 444th District Court |
| | § | |
| EDITH PUENTE, INSURED, | § | CAMERON COUNTY, TEXAS |
| BY AND BETWEEN | § | |
| STATE FARM LLOYDS | § | _____ JUDICIAL DISTRICT |

## APPLICATION TO COMPEL APPRAISAL

### I.    Introduction

By this ancillary proceeding, State Farm Lloyds ("State Farm" or "Applicant") seeks an order compelling appraisal on insurance claim number 53-550R-969, pursuant to policy number 83-BZ-Z237-2 (the "Policy") issued to Respondent Edith Puente ("Insured" or "Respondent"). On July 6, 2015, State Farm made written demand for appraisal under the terms of the Policy issued to Respondent. *See* Appraisal Provision, attached as **Exhibit A**. Broadly speaking, the appraisal provision in the Policy allows either party to invoke a process in which the amount of the loss of a claim is determined by agreement of appraisers and an umpire jointly chosen and mutually agreed to by the appraisers or appointed by a court.

Respondent refuses to participate in the appraisal process and has failed and refused to appoint an appraiser as required by the Policy, arguing (1) that State Farm has waived its right to appraisal because of delay and (2) that appraisal is not appropriate because State Farm determined there were no storm related damages to the property and denied coverage on the claim. "In order to establish waiver [by delay], . . . a party must show that an impasse was reached, and that any failure to demand appraisal within a reasonable time prejudiced the opposing party." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 407, 413 (Tex. 2011). Respondent's delay argument fails on both counts. Respondent cannot show an unreasonable delay after impasse; in fact, impasse has not yet been reached. Nor can

PDF created with pdfFactory Pro trial version www.pdffactory.com

Respondent show prejudice.  Moreover, Respondent cannot avoid appraisal merely because there is a disagreement between Respondent and State Farm as to whether the alleged damages to Respondent's property are covered losses under her Policy.  Appraisal sets the amount of loss; it does not determine liability.   Accordingly, State Farm requests that this Court compel Respondent to participate in the appraisal process.

## II.   Parties, Jurisdiction, and Venue

1.      State Farm is an unincorporated associate of underwriters and is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code.  State Farm issued a homeowners insurance policy to Respondent.

2.      Respondent, the Insured under the State Farm homeowners insurance policy at issue, is a citizen of Cameron County, Texas and may be served at her home address which is provided separately.

3.      Venue and jurisdiction are proper in Cameron County under the mandatory venue provisions in the Texas Civil Practice and Remedies Code section 15.011 because the action involves recovery of damages to real property located in Cameron County and a substantial part of the events giving rise to the disputed claim occurred in Cameron County.

4.      The amount in controversy in the underlying appraisal, exclusive of interests and costs, exceeds the jurisdictional limits of this Court.

5.      State Farm seeks monetary relief of $100,000 or less and non-monetary relief.

## III.   Background

6.      This case involves a disagreement between the parties regarding the valuation of a property damage claim arising from a November 2, 2014 storm that allegedly damaged Respondent's property.  State Farm timely investigated the claim and, on or about November 17,

2

2014, notified Respondent that the alleged damages to her dwelling were not covered under the Policy.

      7.      On or about March 27, 2015, State Farm received a letter from Joshua Davis of j|d Law, stating that he represented Respondent with respect to this insurance claim. *See* Letter from Joshua Davis to State Farm, attached as **Exhibit B**.

      8.      On or about April 29, 2015, State Farm received an Insurance Code demand letter from Mr. Davis on this claim, demanding $29,810.82 in alleged damages, fees and costs. *See* Letter from Joshua P. Davis to State Farm, attached as **Exhibit C**. State Farm responded on May 1, 2015, specifically stating that while the inspection of Respondent's property revealed no storm related damages, it would consider any additional information Respondent wished to provide. *See* Letter from State Farm to J|d Law, attached as **Exhibit D**. To date, Respondent has not submitted any additional information.

      9.      On July 8, 2015, State Farm invoked appraisal pursuant to the terms of the Policy. *See* Letter from Linda Burgess to Katie Ray demanding appraisal, attached as **Exhibit E**. On July 9, 2015, Respondent responded to State Farm's appraisal demand, arguing that because State Farm "denied this claim based on a coverage decision, and determined that the loss is not a covered loss under the terms of the Policy. . . . appraisal is not appropriate." *See* Letter from Katie Ray to Linda Burgess refusing appraisal, attached as **Exhibit F**.

      10.      On July 24, 2015, counsel for State Farm responded to Respondent's counsel, addressing relevant appraisal law. *See* Letter to Katie Ray from Linda Burgess, attached as **Exhibit G**. However, Respondent continues to refuse to participate in appraisal and, in a July 27, 2015 letter, raised the additional argument that State Farm's appraisal demand was untimely. *See* Letter from Katie Ray to Linda Burgess, attached as **Exhibit H**.

PDF created with pdfFactory Pro trial version www.pdffactory.com

## IV.   **Arguments and Authorities**

11.     "The Texas Supreme Court [has] enunciated a strong policy in favor of enforcing appraisal clauses in insurance contracts . . . ." *Sanchez v. Prop. & Cas. Ins. Co. of Hartford*, 2010 WL 413687, at *4 (S.D. Tex. Jan. 27, 2010) (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888-89, 895 (Tex. 2009)). "An appraisal clause 'binds the parties to have the extent or amount of the loss determined in a particular way.'" *Johnson*, 290 S.W.3d at 888-89 (quoting *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002)); *see also Lundstrum v. United Servs. Auto. Ass'n-CIC*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court.").

12.     The purpose of the appraisal is to "decide the 'amount of loss,' not to construe the policy or decide whether the insurer should pay." *Johnson*, 290 S.W.3d at 890. "Unless the 'amount of loss' will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts." *Id.* at 895; *see also Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777 (S.D. Tex. 2011).

13.     Where an insurance contract mandates appraisal to resolve the parties' dispute regarding the value of a loss, and the appraisal provision has not been waived, a trial court abuses its discretion and misapplies the law by refusing to enforce the appraisal provision. *Scottish Union & Nat'l Ins. Co. v. Clancy*, 18 S.W. 439, 440 (Tex. 1892). "While trial courts have some discretion as to the timing of an appraisal, they have no discretion to ignore a valid appraisal clause entirely." *Johnson*, 290 S.W.3d at 888.  Insurers have a right to mandamus relief to enforce appraisal clauses because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d

4

PDF created with pdfFactory Pro trial version www.pdffactory.com

at 407 (citing *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d at 196).   Courts in Texas have routinely held that a trial court's refusal to compel appraisal is reversible error upon mandamus review.   *See, e.g., In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 412 ("We conditionally grant the writ of mandamus and direct the trial court to grant Universal's motion to compel appraisal."); *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d at 196 ("trial court's denial of the motion to invoke appraisal was error"); *In re Public Serv. Mut. Ins. Co.*, No. 03-13-00003-CV, 2013 WL 692441, at *7 (Tex. App.—Austin Feb. 21, 2013) (orig. proceeding) ("Having concluded that the trial court's denial of Relators' motion to compel appraisal was an abuse of its discretion . . . we conditionally grant the petition for writ of mandamus as to the appraisal."); *In re GuideOne Mut. Ins. Co.*, No. 09-12-00581-CV, 2013 WL 257371, at *3 (Tex. App.—Beaumont Jan. 24, 2013) (orig. proceeding) ("Because the appraisal is related to GuideOne's defense, the trial court abused its discretion in denying its motion to compel.") (citations omitted); *In re Ranchers & Farmer's Mut. Ins. Co.*, No. 09-11-00054-CV, 2011 WL 1631820, at *1 (Tex. App.—Beaumont April 28, 2011) (orig. proceeding) ("We hold that the trial court abused its discretion by denying the motion to compel an appraisal.").

14.     Texas courts have consistently rejected the idea that an insurer's alleged failure to pay a claim somehow waives the insurer's right to appraisal. *See In re State Farm Lloyds*, 170 S.W.3d 629, 635 (Tex. App.—El Paso 2005, no pet.); *In re Public Service Mutual Ins. Co.*, 2013 Tex. App. LEXIS 1757, *7 (Tex. App.—Austin 2013, no pet.); *Boone v. Safeco Ins. Co.*, 2010 U.S. Dist. LEXIS 55281, *20-21 (S.D. Tex. 2010).   State Farm denied Respondent's claim because it did not find any storm related damage.   Under *Johnson*, a disagreement between the parties as to the existence of damage to the dwelling from the November 2, 2014 storm is not an obstacle to appraisal.   *See Johnson*, 290 S.W.3d at 893 ("When an insurer denies coverage,

PDF created with pdfFactory Pro trial version www.pdffactory.com

appraisers can still set he amount of loss in case the insurer turns out to be wrong. And when the parties disagree whether there has been any loss at all, nothing prevents the appraisers from finding "$0" if that is how much damage they find.").

15.     Respondent's waiver by delay argument also lacks merit. Under Texas law, if a party does not request appraisal within a reasonable time after impasse and the non-requesting party is prejudiced, then the right to appraisal can be waived. *In re Universal Underwriters of Texas Ins.*, 345 S.W.3d at 410. "Once the parties have reached an impasse – that is, a mutual understanding that neither will negotiate further – appraisal must be invoked within a reasonable time." *Id.* Here, appraisal was demanded approximately ten (10) weeks after State Farm received Respondent's Insurance Code demand and impasse has not yet been reached.

16.     Respondent fails to show (or even allege) how she could possibly be prejudiced by the timing of State Farm's appraisal demand. In this regard, delay is not enough to find waiver. A party must also show that it has been prejudiced. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 411-12. "If the insured has suffered no prejudice due to delay, it makes little sense to prohibit appraisal when it can provide a more efficient and cost-effective alternative to litigation." *Id.* In the context of appraisal, the Supreme Court of Texas has noted that "it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal." *Id.* Respondent has not and cannot make the required showing of prejudice necessary to demonstrate waiver.

## V.     **Conclusion**

State Farm has invoked appraisal to resolve the amount of Respondent's insurance claim. Because Respondent cannot manage the difficult task of showing prejudice due to delay and Respondent's "no coverage" argument is without merit, this Court should compel appraisal.

PDF created with pdfFactory Pro trial version www.pdffactory.com

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, State Farm requests that, after notice and a hearing, the Court enter an order compelling appraisal of insurance claim no. 53-550R-969, and that State Farm have all other and further relief, both at law and in equity, to which State Farm may be justly entitled.

Dated: August 26, 2015

Respectfully submitted,

**COWEN & GARZA**

By:　/s/ Summer Olmos
　　　Viola G. Garza
　　　State Bar No. 00787518
　　　Summer Olmos
　　　State Bar No. 24051134
　　　506 E. Dove Avenue
　　　McAllen, Texas 78504
　　　Telephone: 956.994.9170
　　　Facsimile: 956.618.2324

　　　*Counsel for State Farm Lloyds*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Application to Compel Appraisal has been served via *Facsimile (No. 713.337.4101)* on this the 26th day of August 2015 as follows:

Katie Ray
j|d Law
1010 Lamar, Suite 200
Houston, Texas 77002

/s/ Summer Olmos
Summer Olmos

7

2015-DCL-05314

FILED
2015-DCL-05314
8/26/2015 8:53:45 AM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
6652710

# EXHIBIT A

PDF created with pdfFactory Pro trial version www.pdffactory.com

a. give immediate notice to us or our agent. Also notify the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;

b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d. as often as we reasonably require:

   (1) exhibit the damaged property;

   (2) provide us with records and documents we request and permit us to make copies;

   (3) submit to and subscribe, while not in the presence of any other insured:

      (a) statements; and

      (b) examinations under oath; and

   (4) produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so; and

e. submit to us, within 91 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

   (1) the time and cause of loss;

   (2) interest of the insured and all others in the property involved and all encumbrances on the property;

   (3) other insurance which may cover the loss;

   (4) changes in title or occupancy of the property during the term of this policy;

   (5) specifications of any damaged building and detailed estimates for repair of the damage;

   (6) an inventory of damaged or stolen personal property described in 2.c.;

   (7) receipts for additional living expenses incurred and records supporting the fair rental value loss; and

   (8) evidence or affidavit supporting a claim under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage, stating the amount and cause of loss.

3. **Loss to a Pair or Set.** In case of loss to a pair or set, we may elect to:

a. repair or replace any part to restore the pair or set to its value before the loss; or

b. pay the difference between the depreciated value of the property before and after the loss.

4. **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

5. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only our share of the loss. Our share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

FP-7055 TX

PDF created with pdfFactory Pro trial version www.pdffactory.com

2015-DCL-05314

FILED
2015-DCL-05314
8/26/2015 8:53:45 AM
Cameron County - 444th District Court
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
6652710

# EXHIBIT B

PDF created with pdfFactory Pro trial version www.pdffactory.com



### j | d
## LAW

713.337.4100          1010 LAMAR, SUITE 200          713.337.4101
TELEPHONE              HOUSTON, TEXAS 77002           FACSIMILE

JOSH DAVIS
josh@thejdfirm.com
*Board Certified in Personal Injury Trial Law*
*By the Texas Board of Legal Specialization*

March 27, 2015

**_Via Facsimile (844) 236-3646_**
State Farm Lloyds
Attn: Christopher Lopez
P.O. Box 106169
Atlanta, GA 30348-6169

|     | Re: | Our Client: | Edith Puente |
|-----|-----|-------------|--------------|
|     |     | Claim No.: | 53-550R-969 |
|     |     | Policy No.: | 83B-ZZ23-72 |
|     |     | Address: | 508 Rey Juan Carlos St. |
|     |     |  | Brownsville, Texas 78251 |

Dear Mr. Lopez:

Please be advised that this law firm represents Edith Puente in regard to the above referenced matter. Please address any further correspondence to this office.

At your earliest convenience, please forward to me a complete copy of the policy and the claim file pertaining to this incident.

Should you have any questions or concerns, please contact me at (713) 337-4100.

With best wishes,

/s/ J.P. Davis

Josh Davis

JPD/ks

33c1508611103WPSDZDM3 Received 3/27/2015 11:52:04 AM [Central Daylight Time]

PDF created with pdfFactory Pro trial version www.pdffactory.com

2015-DCL-05314

FILED
2015-DCL-05314
8/26/2015 8:53:45 AM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
6652710

# EXHIBIT C



**j|d**

**LAW**

| 713.337.4100 | 1010 LAMAR, SUITE 200 | 713.337.4101 |
| TELEPHONE | HOUSTON, TEXAS 77002 | FACSIMILE |

JOSH DAVIS
josh@thejdfirm.com
*Board Certified in Personal Injury Trial Law*
*By the Texas Board of Legal Specialization*

April 29, 2015

*Via Facsimile (844) 236-3646*
Edna Galvan
State Farm Lloyds
.P.O. Box 106169
Atlanta, GA 30348-6169

|     | Re: | Our Client: | Edith Puente |
|     |     | Claim No.: | 53-550R-969 |
|     |     | Policy No.: | 83B-ZZ23-72 |
|     |     | Date of Loss: | 05/28/2014 |

To Whom It May Concern:

Please accept this letter and the attached damage model and estimate as my client's final demand regarding the above referenced claim. Please find enclosed:

    1. Edith Puente's Damage Model; and,

    2. RJ Molina Estimating Estimate.

State Farm's failure to abide by the terms of the referenced policy (the "Policy") led to a relatively small roof replacement claim growing into a large claim—as happens when insurance companies refuse to insure a covered loss in Texas. As you know, the TEXAS INSURANCE CODE provides significant statutory penalties when an insurance company fails to pay a claim. The attached damage model highlights those penalties. Based on State Farm's failures—and my client's resulting damages that include attorneys' fees and expert fees—my client demands $29,870.82 to resolve her claims. This figure does not account for my client's deductible. Despite multiple requests, State

PDF created with pdfFactory Pro trial version www.pdffactory.com

JOSH DAVIS LAW FIRM

Edna Galvan
April 29, 2015
Page 2

Farm has refused to issue a copy of Ms. Puente's policy to counsel. Therefore counsel is unaware of Ms. Puente's deductible. Moreover, because my client is alleging breach of contract, I am not withholding depreciation in the damage model. These claims—in which State Farm has violated the TEXAS INSURANCE CODE and the clear terms of the Policy—require full resolution.

State Farm denied my client's claim, finding no damage attributable to the May 28, 2014 hailstorm. This finding is shown to be completely inaccurate based on RJ Molina Estimating's inspection and the attached photographs.

Based on State Farm's violations of the INSURANCE CODE thus far, along with a very credible estimate from RJ Molina Estimating, I fully expect a jury to pay fair value for this claim. My client was required to retain multiple experts and an attorney to fight for the policy proceeds State Farm is required to pay under the Policy. My client demands **$29,870.82** to resolve her claims, payable to Edith Puente & Joshua P. Davis, P.C., d/b/a Josh Davis Law Firm by **May 30, 2015.** If we have not received payment by that date this settlement demand is withdrawn and we will file suit.

If you have any comments or concerns, please do not hesitate to contact me at (713) 337-4100.

With best wishes,

/s/ J.P. Davis

Joshua P. Davis

JPD:kr
Enclosures

35c15119064981VPSDY1P0 Received 4/29/2015 11:07:47 AM [Eastern Daylight Time]

PDF created with pdfFactory Pro trial version www.pdffactory.com

## Puente Damage Model

| | |
|---|---|
| RJ Molina Estimating Estimate | $12,673.88 |
| Total Policy Claims | $12,673.88 |
| | |
| 18% Penalty | $862.52 |
| | |
| Mental Anguish | $5,000.00 |
| | |
| Attorney's Fees | $7,874.56 |
| Taxable Court Costs | $1,150.00 |
| Pre-Judgment Interest | $2,309.86 |
| | |
| Total: | $29,870.82 |

35c1511906499WPSDY1P0 Received 4/29/2015 11:07:47 AM [Eastern Daylight Time]

PDF created with pdfFactory Pro trial version www.pdffactory.com

## R J Molina Estimating

6816 Moccasin Dr.
Plano, TX 75023

| | | | |
|---|---|---|---|
| Insured: | Edith Puente | | |
| Property: | 508 Rey Juan Carlos St. | | |
| | Brownsville, TX 78521 | | |

| | | | |
|---|---|---|---|
| Estimator: | Robert | Business: | (786) 547-8486 |
| Company: | R J Molina Estimating | | |
| Business: | 6816 Moccasin Dr. | | |
| | Plano, TX 75023 | | |

| Claim Number: | | Policy Number: | | Type of Loss: Hail |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| Date of Loss: | 12/1/2012 | Date Received: | |
| Date Inspected: | | Date Entered: | 11/25/2014 1:44 PM |

| | |
|---|---|
| Price List: | TXMC8X_NOV14 |
| | Restoration/Service/Remodel |
| Estimate: | WWPA-PUENTE_EDITH |

35c15i11906500WPSDY1P0 Received 4/29/2015 11:07:47 AM [Eastern Daylight Time]

PDF created with pdfFactory Pro trial version www.pdffactory.com

Apr. 29. 2015 10:07AM                                      No. 2502   P. 6

## R J Molina Estimating

6816 Moccasin Dr.
Plano, TX 75023

### WWPA-PUENTE_EDITH

#### Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 1. Remove 3 tab - 25 yr. - composition shingle roofing - incl. felt | 22.34 SQ | 47.48 | 0.00 | 212.14 | 1,272.84 | (0.00) | 1,272.84 |
| 2. 3 tab - 25 yr. - composition shingle roofing - incl. felt | 26.00 SQ | 163.14 | 177.01 | 883.72 | 5,302.37 | (0.00) | 5,302.37 |
| 15% waste applied for hip roof system. | | | | | | | |
| 3. Asphalt starter - peel and stick | 233.00 LF | 1.41 | 11.73 | 68.04 | 408.30 | (0.00) | 408.30 |
| 4. R&R Ridge cap - composition shingles | 173.00 LF | 4.75 | 14.70 | 167.30 | 1,003.75 | (0.00) | 1,003.75 |
| 5. Ice & water shield - High temp | 604.00 SF | 1.40 | 32.89 | 175.70 | 1,054.19 | (0.00) | 1,054.19 |
| 6. R&R Flashing, 14" wide | 3.00 LF | 2.86 | 0.29 | 1.78 | 10.65 | (0.00) | 10.65 |
| 7. Step flashing | 26.00 LF | 6.09 | 3.58 | 32.38 | 194.30 | (0.00) | 194.30 |
| 8. R&R Valley metal | 69.00 LF | 3.84 | 9.34 | 54.86 | 329.16 | (0.00) | 329.16 |
| 9. R&R Flashing - pipe jack | 4.00 EA | 27.89 | 2.36 | 22.78 | 136.70 | (0.00) | 136.70 |
| 10. R&R Roof vent - turtle type - Metal | 6.00 EA | 43.07 | 7.76 | 53.24 | 319.42 | (0.00) | 319.42 |
| 11. R&R Drip edge | 233.00 LF | 1.62 | 11.53 | 77.80 | 466.79 | (0.00) | 466.79 |
| 12. Paint drip edge | 235.00 EA | 1.10 | 0.00 | 51.70 | 310.20 | (0.00) | 310.20 |
| 13. Floor protection - self-adhesive plastic film | 1,952.00 SF | 0.47 | 20.94 | 187.66 | 1,126.04 | (0.00) | 1,126.04 |
| Protective covering for siding, trees and landscaping. | | | | | | | |
| **Totals: Roof** | | | **292.13** | **1,989.10** | **11,934.71** | **0.00** | **11,934.71** |

#### General

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 14. Dumpster load - Approx. 30 yards, 5-7 tons of debris | 1.00 EA | 494.59 | 0.00 | 98.92 | 593.51 | (0.00) | 593.51 |
| 15. Residential Supervision / Project Management - per hour | 1.00 HR | 50.30 | 0.00 | 10.06 | 60.36 | (0.00) | 60.36 |
| 16. Roofer - per hour | 1.00 HR | 71.08 | 0.00 | 14.22 | 85.30 | (0.00) | 85.30 |
| 17. Taxes, insurance, permits & fees (Bid Item) | 1.00 EA | | | | | | 120.00 |
| **Totals: General** | | | **0.00** | **123.20** | **739.17** | **0.00** | **739.17** |
| **Line Item Totals: WWPA-PUENTE_EDITH** | | | **292.13** | **2,112.30** | **12,673.88** | **0.00** | **12,673.88** |

WWPA-PUENTE_EDITH                                   12/4/2014          Page: 2

35c151190650IWPSDY1P0 Received 4/29/2015 11:07:47 AM [Eastern Daylight Time]

PDF created with pdfFactory Pro trial version www.pdffactory.com

**R J Molina Estimating**

6816 Moccasin Dr.
Plano, TX 75023

### Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 10,269.45 |
| Material Sales Tax | 292.13 |
| Subtotal | 10,561.58 |
| Overhead | 1,056.15 |
| Profit | 1,056.15 |
| **Replacement Cost Value** | **$12,673.88** |
| **Net Claim** | **$12,673.88** |

Robert

35c1511906502WPSDY1P0 Received 4/29/2015 11:07:47 AM [Eastern Daylight Time]

PDF created with pdfFactory Pro trial version www.pdffactory.com

2015-DCL-05314

FILED
2015-DCL-05314
8/26/2015 8:53:45 AM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
6652710

# EXHIBIT D

**State Farm Fire and Casualty Company**
*Home Office, Bloomington, IL*

 **StateFarm**®

May 01, 2015

Jd Law
1010 Lamar St Ste 200
Houston TX 77002-6317

State Farm Claims
P O Box 106169
Atlanta GA 30348-6169

**CERTIFIED MAIL: RETURN RECEIPT REQUESTED**

RE:    Claim Number:     53-550R-969
       Date of Loss:      November 02, 2014
       Our Insured:       Edith Puente

To Whom It May Concern:

This letter will serve as a response to your correspondence dated April 29, 2015.

We have provided you with different avenues to obtain a copy of our insured's policy, please contact your client to obtain a copy of her Homeowner's policy and also a copy can be obtained at www.statefarm.com.

As previously discussed, the inspection of Ms. Puente's property revealed no storm related damages; therefore no payment has been made under this claim.

We had previously sent you copies of all the letters pertaining to this loss for your review.

Should you have any information you want us to consider, please forward it to us as soon as possible.

If you have questions or need assistance, please call us at (844) 529-5982 Ext. 9726572620.

Sincerely,

Edna Galvan
Claim Specialist
(844) 529-5982 Ext. 9726572620
Fax: (844) 236-3646

State Farm Lloyds

cc:    KATHERINE A CONLY    CODE: 53-8391

FILED
2015-DCL-05314
8/26/2015 8:53:45 AM
Cameron County - 444th District Court
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
6652710

2015-DCL-05314

# EXHIBIT E

 **WINSTEAD**   Austin ⫶ Charlotte ⫶ Dallas ⫶ Fort Worth ⫶ Houston ⫶ New Orleans ⫶ San Antonio ⫶ The Woodlands ⫶ Washington, D.C.

401 Congress Avenue     512.370.2800 *office*
Suite 2100     512.370.2850 *fax*
Austin, Texas 78701     winstead.com

Linda J. Burgess
direct dial: 512.370.2881
lburgess@winstead.com

July 8, 2015

*VIA FAX:  713.337.4101*
Katie Ray
Joshua P. Davis
j|d Law
1010 Lamar, Suite 200
Houston, Texas 77002

      Re:    Named Insured:    Edith Puente
           Claim No.:    53-550R-969
           Policy No.:    83-BZ-Z237-2
           Date of Loss:    November 2, 2014
           Location:    508 Rey Juan Carlos Street, Brownsville, Texas 78521

Dear Ms. Ray and Mr. Davis:

      Please be advised that by this letter, State Farm Lloyds (State Farm) demands appraisal of Claim No. 53-550R-969 under the referenced Homeowners Policy issued by State Farm. The Policy provides as follows:

## SECTION 1 – CONDITIONS

      **4.**      **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser.

WINSTEAD PC ⫶ ATTORNEYS

PDF created with pdfFactory Pro trial version www.pdffactory.com

Katie Ray
July 8, 2015
Page - 2

Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

State Farm requests appraisal of the amount of loss, stating separately the actual cash value and loss to each item. State Farm also requests appraisal of the full costs of repair or replacement of loss to such dwelling and/or other structure, without deduction for depreciation.

State Farm appoints as appraiser Louis Mayeux.  Mr. Mayeux can be reached at:

Louis Mayeux
National Property Loss Appraisers
9550 Spring Green Blvd. Suite 408-220
Katy, Texas 77494
Tel: (713) 703-3083
Email: lmayeux@npag.us.com

By this request, State Farm does not waive any of the policy provisions, conditions, exclusions or limitations, and in fact, intends to rely on them throughout the appraisal process. The appraisal award will be subject to the policy's provisions, conditions, exclusions and limitations.

We look forward to receiving notification of your selected appraiser.

Very truly yours,

Linda J. Burgess
*Counsel for State Farm Lloyds*


WINSTEAD

lburgess@winstead.com
direct dial: (512) 370-2881

# FAX COVER SHEET

| PLEASE DELIVER TO: | | | TELEPHONE NO. | FAX NO. |
|---|---|---|---|---|
| Katie Ray<br>Joshua P. Davis | J/D LAW | | 713.337.4100 | 713.337.4101 |

**MESSAGE:**

**FROM:** Linda J. Burgess     **PHONE NO.:** 512.370.2881

**DATE:** July 8, 2015     **TIME IN:** 4:30pm

**NO. OF PAGES** ___3___ **INCLUDING COVER SHEET.**

> If any transmission problems, please call:
>
> 512-370-2914

INFORMATION CONTAINED IN THIS TRANSMISSION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE PERMANENTLY DELETE THIS MESSAGE AND IMMEDIATELY NOTIFY US BY TELEPHONE.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s]

PDF created with pdfFactory Pro trial version www.pdffactory.com

**Hickmott, Cindi**

| | |
|---|---|
| **From:** | Omtool Server <omtoolserver> |
| **Sent:** | Wednesday, July 08, 2015 4:33 PM |
| **To:** | Hickmott, Cindi |
| **Subject:** | Message Succeeded: 17133374101 () on 7/8/2015 at 4:32:53 PM |

The message you sent to  at 17133374101, was delivered successfully on 7/8/2015 at 4:32:53 PM

Total Pages Sent: 3
JobID: 794611

1

PDF created with pdfFactory Pro trial version www.pdffactory.com

2015-DCL-05314

FILED
2015-DCL-05314
8/26/2015 8:53:45 AM
Cameron County - 444th District Court
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
6652710

# EXHIBIT F



### j d
## LAW

| 713.337.4100 | 1010 LAMAR, SUITE 200 | 713.337.4101 |
| TELEPHONE | HOUSTON, TEXAS 77002 | FACSIMILE |

KATIE RAY
katie@thejdfirm.com

July 9, 2015

**_Via Facsimile (512) 370-2850_**
Linda Burgess
WINSTEAD PC
401 Congress Avenue
Suite 2100
Austin, Texas 78701

|     | Re: | Our Client: | Edith Puente |
|-----|-----|-------------|--------------|
|     |     | Claim No.: | 53-550R-969 |
|     |     | Policy No.: | 83B-ZZ23-72 |
|     |     | Date of Loss: | 05/28/2014 |

Dear Ms. Burgess,

    With respect to the issues addressed in your letter of July 8, 2015, I would offer the following:

    First, for nearly 3 months my office has repeatedly requested that State Farm send a copy of my Client's homeowner's policy so that we may fairly assess this claim. On five (5) separate occasions State Farm has refused to make available Ms. Puente's policy. State Farm explicitly refused to provide Ms. Puente with a copy of her policy on:

- March 31, 2015;
- April 17, 2015;
- May 1, 2015;
- June 9, 2015; and,
- June 17, 2015.

    Under TEX. INS. CODE SEC. 542.003 State Farm must attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has

PDF created with pdfFactory Pro trial version www.pdffactory.com

JOSH DAVIS LAW FIRM

Linda Burgess
July 9, 2015
Page 2

become reasonably clear. Failure to abide by this provision constitutes a willful violation of the TEXAS INSURANCE CODE. SEC. 542.003 is designed to facilitate efficient claims resolution. State Farm's refusal to produce documents necessary to resolving this claim constitutes a willful breach of that duty.

By refusing to provide a copy of my client's homeowner's policy State Farm is impairing our ability to evaluate State Farm's claim handling and we are unable to confirm the text you cite in your July 8, 2015 letter referencing Ms. Puente's policy.

Second, your letter requests appraisal. State Farm denied this claim based on a coverage decision, and determined that the loss is not a covered loss under the terms of the Policy. Ms. Puente disagrees. The damage to Ms. Puente's property was the result of wind and hail, and not otherwise excluded under the Policy. Given State Farm's coverage determination—that is not reviewable in appraisal—appraisal in not appropriate for either party.

If you have any comments or concerns, please do not hesitate to contact me at (713) 337-4100. I look forward to hearing from you.

Regards,

Katie Ray

Katie Ray

Cameron County - 444th District Cou

2015-DCL-05314

# EXHIBIT G

 **WINSTEAD**   Austin · Charlotte · Dallas · Fort Worth · Houston · New Orleans · San Antonio · The Woodlands · Washington, D.C.

401 Congress Avenue          512.370.2800 OFFICE
Suite 2100                          512.370.2850 FAX
Austin, Texas 78701            winstead.com

Linda J. Burgess
Direct dial: 512.370.2881
· lburgess@winstead.com

July 24, 2015

***VIA FAX:  713.337.4101***
Katie Ray
j d Law
1010 Lamar, Suite 200
Houston, Texas 77002

Re:    Named Insured:      Edith Puente
        Claim No:           53-550R-969
        Policy No:           83-BZ-Z237-2
        Date of Loss:       November 2, 2014
        Location:            508 Rey Juan Carlos Street, Brownsville, Texas 78521

Dear Ms. Ray:

      I have review your July 9, 2015 letter responding to State Farm Lloyds' (State Farm) demand for appraisal for the referenced claim.

      As an initial matter, with respect to obtaining a copy of Ms. Puente's insurance policy, on several occasions you requested a copy of the Homeowners Policy, and State Farm timely responded to the requests. In correspondence dated May 1, June 9, and June 17, 2015 (as well as during a telephone call with you), State Farm provided directions as to how to obtain a copy of Ms. Puente's Policy. As previously advised by State Farm, the Policy can be accessed by Ms. Puente at www.statefarm.com and/or obtained from Ms. Puente's agent. Please let me know if you have been unable to obtain a copy of the Policy through these avenues.

      With respect to appraisal, in your July 9 correspondence, you also indicate that Ms. Puente objects to appraisal because State Farm concluded the damages to her dwelling were not covered under the Policy. Please let me address the relationship of appraisal to coverage under the Policy.

      Texas case law answers the question: the appraisal clause "binds the parties to have the extent or amount of the loss determined in a particular way, leaving the question of liability for such loss to be determined, if necessary, by the courts." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 890 (Tex. 2009). The Texas Supreme Court also explained that "unless the 'amount of loss' will never be needed (a difficult prediction when litigation has yet to begin), appraisal

WINSTEAD PC | ATTORNEYS

PDF created with pdfFactory Pro trial version www.pdffactory.com

Katie Ray
July 24, 2015
Page 2

should generally go forward without preemptive intervention by the courts." *Id.* at 895. The *Johnson* opinion further explains "When an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong." *Id.*

Further, the Texas Supreme Court "[has] enunciated a strong policy in favor of enforcing appraisal clauses in insurance contracts . . . ." *Sanchez v. Prop. & Cas. Ins. Co. of Hartford,* 2010 WL 413687, at * 4 (S.D. Tex. Jan. 27, 2010) (citing *Johnson,* 290 S.W.3d at 888-89, 895). In *Johnson,* the Court highlighted that "[w]hile trial courts have some discretion as to the timing of appraisal, they have no discretion to ignore a valid appraisal clause entirely." 290 S.W.3d at 888.

Accordingly, State Farm re-urges its demand for appraisal of this claim and looks forward to receiving notification of the Ms. Puente's selected appraiser by July 30, 2015. If we do not receive the same, we will be forced to proceed with filing a motion to compel appraisal with the Court. Please do not hesitate to call me if you have any questions. Thank you.

Very truly yours,

Linda J. Burgess
*Counsel for State Farm Lloyds*

PDF created with pdfFactory Pro trial version www.pdffactory.com

 **WINSTEAD**   Austin · Charlotte · Dallas · Fort Worth · Houston · New Orleans · San Antonio · The Woodlands · Washington, D.C.

**From the desk of:**   Linda Burgess

**Date:**   July 22, 2015

**Total pages**
**(including cover):**   ___3___

| Recipient | Company | Phone # | Fax # |
|-----------|---------|---------|-------|
| Kathy Ray | J/D Law | (713) 337-4100 | **(713) 337-4101** |

**Message:**

|  |  |  |
|--|--|--|
| RE: | Insured: | Edith Puente |
|     | Claim No.: | 53-550R-969 |

**If any transmission problems, please call: (512) 370-2926**

Information contained in this transmission is intended for the use of the individual or entity named above and may contain legally privileged and/or confidential information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please permanently delete this message and immediately notify us by telephone.

PDF created with pdfFactory Pro trial version www.pdffactory.com

**Griffes, Nan**

| | |
|---|---|
| **From:** | Omtool Server <omtoolserver> |
| **Sent:** | Friday, July 24, 2015 5:00 PM |
| **To:** | Griffes, Nan |
| **Subject:** | Message Succeeded: 7133374101 () on 7/24/2015 at 5:00:05 PM |

The message you sent to  at 7133374101, was delivered successfully on 7/24/2015 at 5:00:05 PM

Total Pages Sent: 3
JobID: 809460

1

2015-DCL-05314

FILED
2015-DCL-05314
8/26/2015 8:53:45 AM
Cameron County - 444th District Court
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
6652710

# EXHIBIT H

Jul. 27. 2015  2:56PM                                No. 3133   P. 2/7



# j | d
## LAW

713.337.4100          1010 LAMAR, SUITE 200          713.337.4101
TELEPHONE             HOUSTON, TEXAS 77002            FACSIMILE

KATIE RAY
katie@thejdfirm.com

July 27, 2015

*Via Facsimile (512) 370-2850*
Linda Burgess
WINSTEAD PC
401 Congress Avenue
Suite 2100
Austin, Texas 78701

Re:   Our Client:      Edith Puente
      Claim No.:       53-550R-969
      Policy No.:      83B-ZZ23-72

Dear Ms. Burgess,

With respect to your letter of July 24, 2015, I offer the following:

First, my June 23, 2015 letter made clear that Ms. Puente has been unable to retrieve a copy of her home insurance policy.[1] Despite knowing this State Farm still refuses to issue Ms. Puente a copy of her policy. Again I request a copy of Ms. Puente's policy. I remind you that this letter serves as my 7th request.

Second, regarding appraisal. Let me reiterate that State Farm denied this claim based on a coverage decision and determined that the loss is not covered under the terms of the Policy. Given State Farm's coverage determination—that is not reviewable in appraisal—appraisal in not appropriate for either party.

Your letter hinges on language found in *State Farm Lloyds v. Johnson*. However unlike Ms. Puente's case, in *State Farm Lloyds v. Johnson*, State Farm found storm

---

[1] See Plaintiff's June 23, 2015 letter to State Farm: "Let me reiterate that Ms. Puente does not have a copy of her homeowner's policy and has no way of retrieving one."

PDF created with pdfFactory Pro trial version www.pdffactory.com

JOSH DAVIS LAW FIRM

Linda Burgess
July 27, 2015
Page 2

related damage.[2] State Farm has repeatedly held that Ms. Puente's property suffered no such damage.[3] These two cases are not comparable. Moreover, State Farm's own policy reads "if you and we fail to agree on the <u>amount of loss</u>, either one can demand that the amount of the loss be set by appraisal." There is no dispute in this case as to the <u>amount of loss</u>. State farm has made clear that the only dispute that exists is the <u>coverage of loss</u>.

Third and finally State Farm has waived their right to appraisal. Inaction is sufficient to prove waiver.[4] Though waiver is ordinarily a question of fact, when the facts are clearly established, it becomes a question of law. State Farm's appraisal clause does not specify the time in which an appraisal must be invoked. When a policy is silent as to time, the law requires that a demand for appraisal be made within a reasonable amount of time.[5] State Farm cannot wait indefinitely to demand appraisal. It must demand appraisal in a seasonable and reasonable time.[6] The proper point of reference to determine whether State Farm waived their right is the point at which State Farm knew the appraisal clause could be invoked due to a *disagreement over the amount of damages*, that is, the point of impasse with the insured.[7] State Farm received notice of this claim on November 5, 2014. On December 4, 2014 State Farm received Plaintiff's estimate from RJ Molina showing that a disagreement existed over the amount of damages. State Farm waited over 7 months to demand appraisal. Courts have found that waiting as little as 4 months is sufficient to constitute waiver.[8] Surely 7 months is too long. State Farm's untimely demand for appraisal is merely a delay tactic that Plaintiff refuses to submit to.

If you have any comments or concerns, please do not hesitate to contact me at (713) 337-4100. I look forward to hearing from you.

Regards,

Katie Ray

Katie Ray

---

[2] "State Farm's inspector concluded that hail had damaged only the ridgeline of her roof, and estimated repair costs at $499.50 (less than the policy's $1,477 deductible). By contrast, Johnson's roofing contractor concluded the entire roof needed to be replaced at a cost of more than $13,000." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 887 (Tex. 2009).
[3] See State Farm's June 9, 2015 letter attached.
[4] *Tenneco Inc. v. Enter. Products Co.*, 925 S.W.2d 640, 641 (Tex. 1996).
[5] *Lion Fire Ins. Co. v. Heath*, 29 Tex.Civ.App. 203, 68 S.W. 305, 306 (Tex.Civ.App. 1902, no writ).
[6] *Boston Insurance Co. v. Kirby*, 281 S.W. 275, 276 (Tex.Civ.App.-Eastland 1926, no writ)); cf. *Gulf Ins. Co. v. Carroll*, 330 S.W.2d 227, 232 (Tex.Civ.App.-Waco 1959, no writ) (upholding a jury's finding that delay of four months and one day was unreasonable).
[7] *Laas v. State Farm Mut. Auto. Ins. Co.*, 14-98-00488-CV, 2000 WL 1125287 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, pet. denied).
[8] *Gulf Ins. Co. v. Carroll*, 330 S.W.2d 227, 230 (Tex. Civ. App.—Waco 1959, no writ).

PDF created with pdfFactory Pro trial version www.pdffactory.com



## LAW

713.337.4100          1010 LAMAR, SUITE 200          713.337.4101
TELEPHONE            HOUSTON, TEXAS 77002            FACSIMILE

KATIE RAY
katie@thejdfirm.com

June 23, 2015

*Via Facsimile (844) 236-3646*
Hunter Newby & Edna Galvan
State Farm Lloyds
P.O. Box 106169
Atlanta, GA 30348-6169

        Re:    Our Client:      Edith Puente
               Claim No.:       53-550R-969
               Policy No.:      83B-ZZ23-72
               Date of Loss:    05/28/2014 .

Dear Mr. Newby:

        With respect to the issues addressed in your letter of June 17, 2015, I would offer
the following:

        First, for nearly 3 months my office has repeatedly requested that State Farm send
a copy of my Client's homeowner's policy so that we may fairly assess this claim. Let me
reiterate that Ms. Puente does not have a copy of her homeowner's policy and has no way
of retrieving one. Your unwillingness to send my client a copy of the policy that she has
faithfully paid State Farm to protect her under is unbelievable.

        On Five (5) separate occasions your office has refused to make available Ms.
Puente's policy. State Farm explicitly refused to provide Ms. Puente with a copy of her
policy on:

- • March 31, 2015;
- • April 17, 2015;
- • May 1, 2015;

PDF created with pdfFactory Pro trial version www.pdffactory.com

JOSH DAVIS LAW FIRM

Hunter Newby
June 23, 2015
Page 2

- June 9, 2015; and,
- June 15, 2015.

Under TEX. INS. CODE SEC. 542.003 State Farm must attempt in **good faith** to
effect a prompt, fair, and equitable settlement of a claim submitted in which liability has
become reasonably clear. Failure to abide by this provision constitutes a willful violation
of the TEXAS INSURANCE CODE. SEC. 542.003 is designed to facilitate efficient claims
resolution. State Farm's refusal to produce documents necessary to resolving this claim
constitutes a willful breach of that duty, for which damages can and will be sought.

By refusing to provide a copy of my client's homeowner's policy State Farm is
impairing our ability to evaluate State Farm's claim handling.

I renew my demand for documents related to my client's insurance claim,
specifically a copy of Ms. Puente's homeowner's policy. State Farm has already failed to
abide by the Texas Insurance Code. Again, should you have any questions regarding the
contents of this letter I strongly suggest you seek counsel.

Regards,

Katie Ray

Jul. 27. 2015  2:57PM                                          No. 3133   P. 6/7

P. 1

⁑ ⁑ ⁑ Communication Result Report ( Jun. 23. 2015  6:04PM ) ⁑ ⁑ ⁑

1)
2)

Date/Time: Jun. 23. 2015  6:03PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2853 | Memory TX | 18442363646 | P.  3 | OK | |

--------------------------------------------------------------------

Reason for error
E. 1) Hang up or line fail            E. 2) Busy
E. 3) No answer                       E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size       E. 6) Destination does not support IP-Fax

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*                         **StateFarm**®

June 09, 2015

Jd Law                                    **State Farm Claims**
1010 Lamar St Ste 200                     P O Box 106169
Houston TX 77002-6317                     Atlanta GA 30348-6169

**CERTIFIED MAIL: RETURN RECEIPT REQUESTED**

RE:   Claim Number:    53-550R-969
      Date of Loss:    November 02, 2014
      Our Insured:     Edith Puente

To Whom It May Concern:

This letter will serve as a response to your correspondence dated June 05, 2015.

We have provided you with different avenues to obtain a copy of our insured's policy, please contact your client to obtain a copy of her Homeowner's policy and also a copy can be obtained at www.statefarm.com.

As previously discussed, the inspection of Ms. Puente's property revealed no storm related damages; therefore no payment has been made under this claim.

We had previously sent you copies of all the letters pertaining to this loss for your review.

Should you have any information you want us to consider, please forward it to us as soon as possible.

If you have questions or need assistance, please call us at (844) 529-5982 Ext. 9726572620.

Sincerely,

Edna Galvan
Claim Specialist
(844) 529-5982 Ext. 9726572620
Fax: (844) 236-3646

State Farm Lloyds

Enclosure(s):  Letters (3)

PDF created with pdfFactory Pro trial version www.pdffactory.com



j|d

## LAW

| 713.337.4100 | 1010 LAMAR, SUITE 200 | 713.337.4101 |
| TELEPHONE | HOUSTON, TEXAS 77002 | FACSIMILE |

## FACSIMILE TRANSMITTAL SHEET

**TO:**   Linda Burgess   **FAX NO.:** (512) 370-2850
WINSTEAD PC

**FROM:**   Katie Ray   **PAGES (including cover sheet):** 7

**DATE:**   July 27, 2015

**RE:**   Our Client:   Edith Puente
Claim No.:   53-550R-969
Policy No.:   83B-ZZ23-72
Date of Loss:   05/28/2014

**COMMENTS:**

Please see attached.

**CONFIDENTIALITY NOTICE**

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

PDF created with pdfFactory Pro trial version www.pdffactory.com