# Exhibit 2-C

Respondent and Real Party In Interest Edith Puente's, Also Plaintiff Herein, Original Answer and Response to State Farm's Application to Compel Appraisal, and Subject Thereto, Plaintiff's Original Petition

FILED
2015-DCL-05314
9/21/2015 6:49:47 PM
Eric Garza
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk
7025409

## CAUSE NO. <u>2015-DCL-05314</u>

| | | |
|---|---|---|
| **IN RE: POLICY OF INSURANCE** | § | IN THE DISTRICT COURT OF |
| **NO. 83-BZ-Z237-2** | § | |
| | § | CAMERON COUNTY, TEXAS |
| **EDITH PUENTE, INSURED, BY AND** | § | |
| **BETWEEN STATE FARM LLOYDS** | § | 444th JUDICIAL DISTRICT |

| | | |
|---|---|---|
| **EDITH PUENTE,** | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff.* | § | |
| | § | |
| **vs.** | § | CAMERON COUNTY, TEXAS |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| *Defendant.* | § | 444th JUDICIAL DISTRICT |

**RESPONDENT AND REAL PARTY IN INTEREST EDITH PUENTE'S, ALSO
PLAINTIFF HEREIN, ORIGINAL ANSWER AND RESPONSE TO STATE
FARM'S APPLICATION TO COMPEL APPRAISAL, AND SUBJECT
<u>THERETO, PLAINTIFF'S ORIGINAL PETITION</u>**

Respondent and real party in interest, Edith Puente's, also Plaintiff herein
("Plaintiff"), Original Answer and Response to State Farm's Application to Compel
Appraisal, and subject thereto, Plaintiff's Original Petition, and in support thereof shows
the Court and the jury the following:

**I.**

**G**ENERAL **D**ENIAL

Plaintiff generally denies each and every allegation contained in State Farm's
Application to Compel Appraisal pursuant to Texas Rule of Civil Procedure 92.

PDF created with pdfFactory Pro trial version www.pdffactory.com

## II.

### RESPONSE TO STATE FARM'S APPLICATION TO COMPEL APPRAISAL

### BACKGROUND

Plaintiff Edith Puente has an insurance policy with State Farm that covers her home, policy number 83B-ZZ23-72 (the "Policy"). On November 2, 2014 Plaintiff's home was damaged due to a wind and hail storm. Plaintiff filed a claim with State Farm for this covered loss on November 5, 2014. State Farm denied the claim on November 17, 2014.

State Farm's pleading conveniently fails to mention that Plaintiff has been fighting State Farm for her policy proceeds since **November of 2014.** After receiving notice that her claim was denied, Plaintiff was required to hire a public adjuster to recover her rightful proceeds. On December 4, 2014 Plaintiff's public adjuster demanded that State Farm pay Plaintiff's claim. State Farm refused finding that there was not a covered loss— not that there is a bone fide dispute concerning *amount of damages*. With few options left Plaintiff hired counsel. Counsel notified State Farm via letter dated March 27, 2015 that they represented Plaintiff. A month later on April 29, 2015 counsel sent State Farm a Chapter 541 notice letter and a demand. Despite the use of a public adjuster and now counsel, State Farm has continually denied Plaintiff's claim.

### STATE FARM WAIVED ITS RIGHT TO APPRAISAL

State Farm has waived its right to appraisal. Inaction is sufficient to prove waiver.[1] Though waiver is ordinarily a question of fact, when the facts are clearly established, it

---

[1] *Tenneco Inc. v. Enter. Products Co.,* 925 S.W.2d 640, 641 (Tex. 1996).

2

PDF created with pdfFactory Pro trial version www.pdffactory.com

becomes a question of law.[2] State Farm's appraisal clause does not specify the time in which an appraisal must be invoked. When a policy is silent as to time, the law requires that a demand for appraisal be made within a reasonable amount of time.[3] State Farm cannot wait indefinitely to demand appraisal. It must demand appraisal in a seasonable and reasonable time.[4]

The proper point of reference to determine whether State Farm waived its right is the point at which State Farm knew the appraisal clause could be invoked due to a *disagreement over the amount of damages*, that is, the point of *impasse* with the insured.[5] State Farm received notice of this claim on November 5, 2014. On November 17, 2014 State Farm denied Plaintiff's claim. Plaintiff then hired a public adjuster who on December 4, 2014 sent State Farm an estimate from RJ Molina Estimating showing that a disagreement existed over the amount of storm related damage. State Farm had this estimate for over 8 months before demanding appraisal. Courts have found that waiting as little as 4 months from the time a disagreement over the amount of damages exists is sufficient to constitute waiver.[6] Eight months is too long.

### THIS CLAIM IS NOT REVIEWABLE IN APPRAISAL

State Farm denied this claim based on the finding that no hail damage exists. State

---

[2] *Comsys Info. Tech. Services, Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181 (Tex.App.—Houston [14th Dist.] 2003, pet. denied).
[3] *Lion Fire Ins. Co. v. Heath*, 29 Tex.Civ.App. 203, 68 S.W. 305, 306 (Tex.Civ.App.1902, no writ).
[4] *Boston Insurance Co. v. Kirby*, 281 S.W. 275, 276 (Tex.Civ.App.—Eastland 1926, no writ); cf. *Gulf Ins. Co. v. Carroll*, 330 S.W.2d 227, 232 (Tex.Civ.App.—Waco 1959, no writ) (upholding a jury's finding that delay of four months and one day was unreasonable).
[5] *Laas v. State Farm Mut. Auto. Ins. Co.*, 14-98-00488-CV, 2000 WL 1125287 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, pet. denied).
[6] *Gulf Ins. Co. v. Carroll*, 330 S.W.2d 227, 230 (Tex. Civ. App.—Waco 1959, no writ).

PDF created with pdfFactory Pro trial version www.pdffactory.com

Farm's own policy reads "if you and we fail to agree on the *amount of loss*, either one can demand that the amount of the loss be set by appraisal." State Farm contends that "no damage to a loss insured" was found.[7] State Farm has made clear that no issue exists as to the *amount of loss* just whether a covered loss, that being hail damage, exists. As such this claim is not reviewable in appraisal.[8]

### PLAINTIFF IS ENTITLED TO CONDUCT DISCOVERY ON HER EXTRA-CONTRACTUAL CLAIMS

In the event that the Court grants State Farm's Application to Compel Appraisal, only Plaintiff's breach of contract claim should be abated. Plaintiff's Original Petition, filed simultaneously with this response, seeks damages for breach of contract, negligent misrepresentation, breach of good faith and fair dealing, money had & received/unjust enrichment, negligence, and violations of TEXAS INSURANCE CODE §§ 541.060 and 541.152.

There is no Texas authority that requires the abatement of extra-contractual discovery in a case such as this. To the contrary, the Supreme Court of Texas in *Liberty National Fire Insurance Company vs. The Honorable Ted Akin* considered a case involving contractual and extra-contractual claims.[9] The Court concluded that the trial court did not abuse its discretion by denying the insurance company's motion for abatement.[10] The court reasoned that the Plaintiff's claims were largely interwoven and

---

[7] See Exhibit "A". State Farm's November 17, 2014 letter
[8] *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009).
[9] *Liberty National Fire Insurance Company vs. The Honorable Ted Akin*, 927 S.W.2d 627 (Tex. 1996).
[10] *Id.*

PDF created with pdfFactory Pro trial version www.pdffactory.com

that the existing evidence would be admissible on both claims.[11] The Texas Supreme Court further noted that a judgment in favor of the insurance company on the contract claim does not necessarily preclude recovery on the extra-contractual claims.[12]

In this case, most, if not the entire discovery relevant to the contract claim is also relevant to the extra-contractual claims. As a practical matter it would be difficult, if not impossible to formulate an Order that would preclude Plaintiff from discovery on the extra-contractual claims and allow reasonable discovery on the contractual claims, because the claims are interwoven. Therefore Plaintiff should be allowed to proceed with discovery as is.

### ABATEMENT WOULD PREJUDICE THE PLAINTIFF

Abating discovery would effectively preclude Plaintiff's right to timely pursue her extra-contractual causes of action. Discovery on the extra-contractual allegations will eventually have to occur. Even if after appraisal Defendant has no further liability on the underlying contract, Plaintiff will still have viable causes of action pursuant to the TEXAS INSURANCE CODE, DECEPTIVE TRADE PRACTICES ACT and the common law duty of good faith and fair dealing. Thus, to abate discovery now of the extra-contractual causes of action would serve no use or purpose and in fact would prejudice Plaintiff in a number of ways, including delaying the ultimate trial and resolution of Plaintiff's claims when damages suffered by Plaintiff are already substantial and will continue until resolution occurs.

---

[11] *Id.*
[12] *Id.*

5

PDF created with pdfFactory Pro trial version www.pdffactory.com

## III.
## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Edith Puente, files this Original Petition complaining of Defendant, State Farm Lloyds ("State Farm") and in support thereof shows the court and the jury the following:

### DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under Discovery Level 3 and requests the Court issue a Scheduling Order.

### PARTIES

Plaintiff is an individual residing in Cameron County, Texas.

Defendant State Farm is an insurance company licensed to do business in the State of Texas and has made an appearance herein.

### JURISDICTION AND VENUE

This Court has jurisdiction over this controversy because the damages sought by Plaintiff are within the jurisdictional limits of this Court. Plaintiff's damages are less than $75,000.00. However TEX. R. CIV. P. 47 requires Plaintiff to plead monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fee.

The Court has jurisdiction over certain parties because they are companies doing business in Texas and/or individuals who reside in Texas.

6

PDF created with pdfFactory Pro trial version www.pdffactory.com

Venue is proper in this county because the facts giving rise to this litigation occurred in Cameron County. The laws of the state of Texas apply to the subject matter of this dispute.

## FACTUAL BACKGROUND

Plaintiff has an insurance policy with State Farm Lloyds that covers her home, policy number 83BZ-Z237-2 (the "Policy"). Plaintiff's residence is located at 508 Rey Juan Carlos St., Brownsville, TX 78521 (the "Property"). On May 28, 2014, Plaintiff submitted a claim related to this covered loss. The claim was denied.

## CLAIMS

### *Negligent Misrepresentation*

Plaintiff sues Defendant for negligent misrepresentations. Defendant, either individually or through its authorized agents, employees or representatives, solicited Plaintiff and made several false representations regarding Defendant's readiness, willingness and ability to fulfill the terms and duties placed on it by terms of Plaintiff's insurance agreement. These representations led Plaintiff to rely upon Defendant and were a material basis for her decision to enter into the respective policies. Absent the misrepresentations made by Defendant, or its authorized agents, employees or representatives, Plaintiff would not have entered into the respective policies with Defendant. Defendant either knew, or should have known, that these representations were false and made for the purpose of deceiving Plaintiff so that he would rely on said misrepresentations to Plaintiff's detriment. As such, Defendant's misrepresentations have caused Plaintiff to suffer damages for which he now seeks compensation.

PDF created with pdfFactory Pro trial version www.pdffactory.com

### *Breach of Good Faith and Fair Dealing*

Defendant, as Plaintiff's insurance company, at all times during the claims process owed a duty of good faith and fair dealing. Defendant's acts and omissions violated that duty and Plaintiff was damaged as a result.

### *Breach of Contract*

Defendant, through its various contractual relationships with Plaintiff, breached its contract with Plaintiff through its acts and omissions, and have caused damages to Plaintiff that are greater than the jurisdictional limits of this Court.

### *Money Had & Received/Unjust Enrichment*

Defendant, by refusing to present Plaintiff with her rightful insurance proceeds stemming from her claims, has caused Plaintiff to suffer an unconscionable loss and Defendant is unjustly enriched as a result.

### *Negligence*

At all times Defendant owed the duty of reasonable care to Plaintiff.  Defendant, through its acts and omissions, has breached that duty of care and caused damages to Plaintiff that are greater than the minimal jurisdictional limits of this Court.

### *Texas Insurance Code §§ 541.060 and 541.152*

Defendant violated numerous provisions of the TEXAS INSURANCE CODE, Article §541.060 that include:

> a. misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

8

PDF created with pdfFactory Pro trial version www.pdffactory.com

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

      i. a claim with respect to which the insurer's liability has become reasonably clear; or

      ii. a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

   c. failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   d. failing within a reasonable time to:

      i. affirm or deny coverage of a claim to a policyholder; or

      ii. submit a reservation of rights to a policyholder;

   e. refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; and,

9

PDF created with pdfFactory Pro trial version www.pdffactory.com

      f.  refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

TEX. INS. CODE ANN. § 541.060 (Vernon).

Defendant's violations of this provision caused damages to Plaintiff that are greater than the minimal jurisdictional limit of this Court. Plaintiff is entitled to relief in accordance with Articles §541.152(a) of the TEXAS INSURANCE CODE.

Plaintiff is also entitled to additional damages pursuant to Article §541.152(b) because Defendant violated that statute knowingly.

## DAMAGES

As a direct and proximate result of the acts, omissions, breaches and violations more fully described above, Plaintiff has been damaged by Defendant's acts and/or omissions and those damages are within the jurisdictional limits of this Court.

Ultimately, Plaintiff will ask a jury of her peers to assess a fair and reasonable amount of money damages as compensation for her economic and non-economic injuries, as well as punishment for Defendant's actions. These damages will include statutory penalty interest and consequential damages. Additionally, Plaintiff seeks pre- and post-judgment interest, costs of court, and reasonable and necessary attorney's fees.

## EXEMPLARY DAMAGES

Defendant's actions as described above were intentional and made with knowing disregard for Plaintiff's rights and/or with malice towards Plaintiff. Plaintiff prays for punitive damages in addition to compensatory damages.

PDF created with pdfFactory Pro trial version www.pdffactory.com

## ATTORNEYS' FEES

Plaintiff has been required to obtain legal counsel as a result of Defendant's intentional acts and omissions. As a result, Plaintiff has and will incur attorney's fees and expenses prosecuting her claims. Plaintiff is therefore entitled to recover her reasonable and necessary attorney's fees under both the TEXAS INSURANCE CODE and TEX. CIV. PRAC. & REM. CODE. ANN. § 38.001 *et seq.*

## CONDITIONS PRECEDENT

All necessary conditions precedent to the filing of this suit have been, or will be, met as required by law.

## JURY DEMAND

Plaintiff demands a trial by jury, and has tendered the appropriate fee.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant's Application to Compel Appraisal be denied and that Defendant State Farm Lloyds be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for the following:

a.   Actual and consequential damages;

b.   Punitive and additional damages;

c.   Statutory interest of 18%;

d.   Attorney's fees and expenses;

e.   Pre- and post-judgment interest at the maximum legal rate;

f.   Costs of suit; and,

PDF created with pdfFactory Pro trial version www.pdffactory.com

g.  All other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

JOSH DAVIS LAW FIRM

By: __/s/ J.P. Davis_____
    Joshua P. Davis
    State Bar No. 24055379
    Katherine Ray
    State Bar No. 24091634
1010 Lamar, Suite 200
Houston, Texas 77002
(713) 337-4100/Phone
(713) 337-4101/Fax
*josh@thejdfirm.com*
*katie@thejdfirm.com*

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the forgoing has been served on September 21, 2015 as follows:

***Via Email: viola@cowengarza.com and summer@cowengarza.com***
Viola G. Garza
Summer Olmos
COWEN & GARZA
506 E. Dove Avenue
McAllen, Texas 78504

_____/s/ J.P. Davis_____
        Joshua P. Davis

12

PDF created with pdfFactory Pro trial version www.pdffactory.com

# EXHIBIT A

PDF created with pdfFactory Pro trial version www.pdffactory.com

**State Farm Fire and Casualty Company**
Home Office, Bloomington, IL

**&amp; State Farm®**

SCANNED

November 17, 2014

Edith Puente

508 Rey Juan Carlos St
Brownsville TX 78521-4378

State Farm Claims
P.O. Box 661044
Dallas TX 75266-1044

RE:   Claim Number:      53-550R-969
      Date of Loss:        November 02, 2014
      Our Insured:         Edith Puente

Dear Edith Puente:

You recently filed a claim for damages to your home located at 508 Rey Juan Carlos Street,
Brownsville, Texas 78521. This letter is sent regarding the investigation of your claim.

On November 11, 2014, State Farm inspected your home. During that inspection, your roof was
checked for signs of damage from a loss insured under your policy.  No damage to your roof
from a loss insured was found. There was, however, signs of normal wear and tear to the roof
shingles.

With respect to this wear and tear damage, your Texas Homeowner Policy FP-7955 TX policy
number 83-BZ-Z237-2, states under SECTION I – LOSSES NOT INSURED:

SECTION I – LOSSES NOT INSURED

1.   We do not insure for any loss to the property described in Coverage A which
     consists of, or is directly and immediately caused by one or more of the perils
     listed in items a through n. below, regardless of whether the loss occurs suddenly
     or gradually, involves isolated or widespread damage, arises from natural or
     external forces, or occurs as a result of any combination of these:

g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect
     or mechanical breakdown;

i.   wet or dry rot

However, we do insure for any resulting loss from items a. through m. unless the resulting loss
is itself a Loss Not Insured by this Section

PDF created with pdfFactory Pro trial version www.pdffactory.com

53-550R-969
Page 2
November 17, 2014

While State Farm has inspected your residence, an inspection of the interior of your home did not occur. You advised that there was no interior damage in your home and, thus, no reason for State Farm to inspect the interior. If you become aware of interior damage you believe may relate to this loss or would want State Farm to inspect the interior of your home, please contact me as soon as possible to schedule an inspection. .

Based upon our November 11, 2014 inspection, the damage to your roof was found to be consistent with the normal wear and tear. Accordingly, the policy's SECTION I – LOSSES NOT INSURED cited above would apply, and coverage cannot be extended for your roof. As such, we will not be issuing payment for the damages falling within these exclusions.

Because we value your as a policyholder and appreciate your business, we want to ensure you understand the coverage decision.

If you have any additional information that has not been previously considered, or desire any additional explanation, please contact us.

This Company does not intend, by this letter, to waive any policy defense, but specifically reserves its right to assert such additional policy defenses at any time.  *

Sincerely,


Rolando Renteria
Claim Representative
(888) 208-3017 Ext. 9566326875

State Farm Lloyds

cc:    Kay Conly - 53-8391