United States District Court
Southern District of Texas
**ENTERED**
March 28, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **EDITH PUENTE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. B-15-190** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 21, 2015, this case was removed to this Court from the 444th District Court in Cameron County, Texas. Dkt. No. 1.

On November 18, 2015, Plaintiff Edith Puente ("Puente") filed a motion to remand the case, asserting that the amount in controversy did not exceed $75,000. Dkt. No. 6.  In the same motion, Puente sought attorney's fees in connection with the motion to remand.  That motion is currently pending before the Court.  On December 4, 2015, Defendant State Farm Lloyd's ("State Farm") filed a response. Dkt. No. 7.

After reviewing the record and the relevant case law, the Court recommends that the motion to remand be granted.  State Farm has not met its burden of proving, by a preponderance of the evidence, that the amount in controversy was met at the time of removal.  Puente's motion for attorney's fees in connection with the motion to remand should be denied.

## I. Background

### A. Factual Background[1]

Puente alleges that on November 2, 2014, her residential property was damaged in a

---

[1] Unless otherwise noted, the factual background is taken from Puente's complaint.  In deciding a motion to remand, "the district court ordinarily should assume that all facts alleged in a plaintiff's state court petition are true." Ford v. Elsbury, 32 F.3d 931, 938 (5th Cir. 1994).

wind and hail storm. Dkt. No. 1-5, pp. 3-4.  On November 17, 2014, State Farm – her homeowner's insurance company – notified Puente that the claimed damages were not covered by her policy. Id.

Puente hired a public insurance adjuster[2] to pursue her claims. Dkt. No. 1-5, p. 3.  On December 4, 2014, Puente's adjuster demanded that State Farm pay the claim. Id.  State Farm again denied the claim, asserting that the damages were not covered under the policy. Id.

On April 29, 2015, Puente's counsel sent State Farm a notice and demand letter, pursuant to TEX. INSURANCE CODE § 541.154. Dkt. No. 1-5, p. 3.  In that demand letter, Puente sought damages totaling $29.870.82. Dkt. No. 6-2.  Those damages were broken out as follows:

> Total Policy Claim: $12,673.88
> Statutory 18% Penalty[3]: $862.52.
> Mental Anguish: $5,000.
> Pre-Suit Attorney's Fees: $7,874.56
> Taxable Court Costs: $1,150.
> Pre-Judgment Interest: $2,309.86.

Dkt. No. 6-3.

State Farm continued to deny Puente's claim. Dkt. No. 1-5, p. 3.

On July 6, 2015, State Farm made a written demand for an appraisal of the claimed damages, pursuant to the policy. Dkt. No. 1-3, pp. 23-24.

On July 9, 2015, Puente, through counsel, replied to the written demand for an appraisal. Dkt. No. 1-3, pp. 28-29.  Puente stated that State Farm had repeatedly refused to provide a copy of the policy at issue and she was "unable to confirm the text" of the policy cited in the demand letter. Id.  Puente further stated that the amount of damages was not at

---

[2] A public insurance adjuster is someone who, in exchange for compensation, "investigates, settles, or adjusts or advises or assists an insured with a claim or claims for loss or damage under any policy of insurance covering real or personal property." TEX. INSURANCE CODE § 4102.001(3)(A)(ii).

[3] If an insurer fails to pay a valid claim, they are charged 18% interest yearly as damages and are required to pay the insured's attorney's fees. TEX. INSURANCE CODE § 542.060(a).

issue in the case, considering that State Farm had consistently denied that the damages were even covered by the policy. Id.  Puente refused the demand for an appraisal, stating that it was "not appropriate for either party."[4] Id.

On August 26, 2015, State Farm filed an "Application to Compel Appraisal" in an ancillary proceeding in the 444th Judicial District Court in Cameron County, Texas. Dkt. No. 1-3.  State Farm asserted that the policy required Puente to participate in the appraisal process and sought a court order for her to do so. Id.

On September 21, 2015, Puente filed her response to the application to compel appraisal and also filed an "original petition" – essentially a countersuit – against State Farm in the ancillary proceeding. Dkt. No. 1-5.  In response to the motion to compel, Puente stated that State Farm had waived its right to the appraisal through inaction and that an appraisal was not appropriate because the dispute was over the policy language – as opposed to the amount of damages. Id.

In the original petition, Puente made claims for negligent misrepresentation, breach of good faith and fair dealing, breach of contract, unjust enrichment, negligence, and violations of Tex. Insurance Code §§ 541.060 & 541.152. Dkt. No. 1-5.

Puente sought actual damages, punitive damages, pre- and post-judgment interest, court costs, and attorney's fees. Dkt. No. 1-5, p. 11.  Puente also sought additional damages pursuant to Tex. Insurance Code § 541.152(b), which permits an award of up to "three times the amount of actual damages," if it is found that "the defendant knowingly committed the act complained of." Dkt. No. 1-5, p. 11.[5]

---

[4]  The viability of this argument, should the litigation proceed, is doubtful given the contractual and discovery rights of the parties.  In any event this issue is not one that needs to be resolved at this stage of the proceedings.

[5]  It is not entirely clear whether the Court should consider Puente's filing to be an original petition or a compulsory counterclaim in the ancillary proceedings.  That distinction is of no consequence to the current motion.  While federal question jurisdiction cannot be created via a counterclaim, Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998), diversity jurisdiction can be created by such a claim. Kuehne & Nagel (AG & Co) v.

## B. Procedural History

On October 21, 2015, State Farm timely removed the ancillary proceeding – and Puente's damages petition – to this Court. Dkt. No. 1.  In the removal petition, State Farm alleged that all of the elements for diversity jurisdiction are present in this case.  Puente is a citizen of Texas and State Farm is a citizen of Illinois. Id, pp. 2-3.  State Farm further alleged that the amount in controversy at the time of removal exceeded $75,000. Id, pp. 3-4.

On November 18, 2015, Puente timely filed a motion to remand the case to state court. Dkt. No. 6.  Puente does not dispute that the parties are citizens of different states. Id, p. 1. Instead, Puente argues that the amount in controversy has not been met, because the pre-suit notice and damage letter only identified a total damage amount of $29,870.82. Id, p. 2.

On December 14, 2015, State Farm responded to the motion to remand. Dkt. No. 7. In the response, State Farm re-iterated that the total damages exceeded $75,000.  State Farm noted that the invocation of TEX. INSURANCE CODE § 541.152(b) – which would permit a trebled damage award – was not included in pre-suit damage letter's calculations. Id.

Puente did not file a reply brief.

On February 29, 2016, the Court issued an order, directing Puente to file a brief outlining "any evidence she has as to the estimated hours and/or resulting attorney fees that are likely to occur in this case." Dkt. No. 10.  The order also gave State Farm an opportunity to respond to Puente's filing. Id.

On March 7, 2016, Puente filed a brief, explaining that she was contractually obligated to pay at least $11,621.28 in attorney's fees, but was "unable to accurately estimate her future attorneys' fees." Dkt. No. 11.  The brief noted that Puente's attorneys "bill[] its associate's time at a rate of $200/hour and it's partner's time at a rate of $350/hour." Id.

State Farm did not respond to Puente's filing.

---

Geosource, Inc., 874 F.2d 283, 295 (5th Cir. 1989).

## II. Applicable Law

### A.  Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).  Neither party challenges the diversity of citizenship in this case.  Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005)(requiring complete diversity of citizenship).  Instead, the jurisdictional challenge centers around the amount in controversy.

### B. Removal

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b).  The party seeking removal bears the burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### C. Amount In Controversy

Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000).  If the state court petition does not ask for a sum certain, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." Id.  The Court notes that under Texas law, plaintiffs only plead a range of damages. Tex. R. Civ. P. 47(b).

The $75,000 is calculated "exclusive of interest and costs." 28 U.S.C. § 1332(a).  If the Plaintiff seeks the recovery of attorney's fees under a state statute, which permits such recovery, those fees should be included in the calculation of the amount in controversy.

Louque v. Allstate Ins. Co., 314 F.3d 776, 779 (5th Cir. 2002). The Court, however, "cannot simply guesstimate their amount and add them to the other damages to arrive at the amount in controversy. Some kind of allegation or proof of the amount of [attorney's] fees incurred is needed." Mintzer v. Lester, 51 F. App'x 929 (5th Cir. 2002) (unpubl.).

A plaintiff may elect to stipulate that it will not accept a recovery of $75,000, or more, in order to defeat jurisdiction – limiting the amount that could at most be recovered. Such a stipulation is not necessary and a failure to enter into such a stipulation, standing alone, "will not defeat a plaintiff's motion to remand." Gulf Coast Envtl. Sys., LLC v. TKS Control Sys., Inc., No. CIV.A. H-08-1080, 2008 WL 2704766, at *4 (S.D. Tex. July 7, 2008) (unpubl.).

The Court may consider a pre-suit demand letter in determining the value of the plaintiff's claims at the time of removal. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1254 (5th Cir. 1998).

### D. Attorney's Fee Award

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

"There is no automatic entitlement to an award of attorney's fees," under § 1447(c). Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000). Rather, fees are to be awarded "when the removing party lacks an objectively reasonable basis for removal." Am. Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 542 (5th Cir. 2012). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).

### III. Analysis

At this stage, there is a single issue for the Court to resolve: whether State Farm has established, by a preponderance of the evidence, that – at the time of removal – the amount in controversy exceeded $75,000.  The parties otherwise agree that there is diversity of citizenship in this case. Dkt. No. 6, p. 1.

As noted earlier, the burden of proving the issue of the amount in controversy lies solely with State Farm, because they removed the case to this Court. Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the amount in controversy exceeds $75,000.").  State Farm must meet this burden by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B).  Furthermore, "[a]ny ambiguities are construed against removal and in favor of remand to state court." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

Because Texas does not require plaintiffs to plead sum certain damages, the Court turns to the pre-suit damages letter to ascertain the value of the claims in this case.  The Court will consider: (a) actual damages; (b) statutory penalties; (c) exemplary damages; and (d) attorney's fees, in analyzing whether the amount in controversy exceeds $75,000.00.

#### A. Actual Damages

Puente's letter sought $12,673.88 as damages for the value of the policy claims.  Dkt. No. 6-3.  The letter also sought $5,000 in damages for mental anguish.  Id.  Both of these claims should be included in the calculation of actual damages, for the reasons set out below.

Puente is seeking relief pursuant to TEX. INSURANCE CODE § 541.152(b). Dkt. No. 1-5.  If Puente can establish that State Farm acted knowingly in denying her claim and can prove the elements of a common law mental anguish claim, then her mental anguish claim would be considered actual damages. State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430,

436 (Tex. 1995).[6]  Thus, Puente is claiming $17,673.88 in actual damages ($12,673.88 for policy claims and $5,000 in mental anguish).

As previously noted, § 541.152(b) permits treble damages if the plaintiff can show that the insurer acted knowingly in wrongfully denying the claim.  Puente is seeking damages pursuant to § 541.152(b).  If she were successful at trial, she could receive $53,021.64 in total damages.  The Court will use that number for the damage amount in its calculations.

### B. Statutory Penalties

Texas has a statutory provision which requires an insurer to pay a valid claim within 60 days of receiving it. TEX. INSURANCE CODE § 542.058(a).  If the insurer fails to do so, the insurer is subject to a mandatory 18 percent interest penalty until it is paid. TEX. INSURANCE CODE § 542.060(a).  This penalty is assessed on the amount withheld by the insurer, not on the total damages. Lumbermens Mut. Cas. Co. v. Klotz, 251 F.2d 499, 509 (5th Cir. 1958) disapproved of on other grounds by Cont'l Cas. Co. v. Boerger, 389 S.W.2d 566 (Tex. Civ. App. 1965)).  This amount is included in the calculation of the amount in controversy. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1255 (5th Cir. 1998).

The claim in this case arose out of a wind and hail storm that occurred on November 2, 2014. Dkt. No. 1-5, p. 3.  State Farm denied the claim on November 17, 2014. Id.  While no precise date of filing the claim with State Farm is alleged – given the dates of the storm and State Farm's denial –  it was sometime in November 2014.  Thus, the sixty day statutory period under § 542.058(a) would have begun in January 2015.

The original policy claim was for $12,673.88.  Given that over a year has gone by since the sixty day period expired, at least $2,027.82 would have accrued in statutory interest.  This amount is added to the amount in controversy, bringing the new subtotal to $55,049.46

---

[6] The Court notes that the Beaston decision was based on a predecessor statute to § 541.152(b) that is identical to the current statute. Beaston, 907 S.W.2d at 436 (citing Tex. Ins. Code. art. 21.21 § 16(b)(1)).  So while the citation may have changed, the substance of the analysis remains good law.

($53,021.64 in trebled damages plus $2027.82 in statutory interest).

### C. Exemplary Damages

The Court first notes that Texas law prohibits a party from receiving exemplary damages if the party "elects to have his recovery multiplied under another statute." TEX. CIV. PRAC. & REM. CODE § 41.004(b).  Thus, Puente can either recover treble damages under § 541.152(b) or exemplary damages, but not both.

Exemplary damages awarded against a defendant may not exceed an amount equal to the greater of either: (1) two times the amount of economic damages; plus an amount equal to any noneconomic damages (the noneconomic damages is not to exceed $750,000); or (2) $200,000. TEX. CIV. PRAC. & REM. CODE § 41.008(b)(1)-(2).

In this case, the economic damages – which are statutorily defined as "actual economic or pecuniary loss"[7] – would be $12,673.88.  Doubling those damages would be $25,347.76.  The non-economic damages – which statutorily includes mental anguish[8] – would be $5,000.  According to the statute, the $5,000 in non-economic damages would be added to the doubled economic damages, resulting in a total amount of exemplary damages of $30,347.76.

When the possible exemplary damages ($30,347.76) are added to the original damage amount sought ($12,673.88 in policy damages & $5,000 in mental anguish), the total amount recovered would be $43,021.64.  Considering that the total damages under the treble calculation are $53,021.64, and are greater than the amount that would be recovered under the exemplary damage model, the Court will use the treble damage model in ascertaining the amount in controversy.

### D. Attorney's Fees At the Time of Removal

The final factor in determining the amount in controversy is the attorney's fees.

In her pre-suit demand letter, Puente sought $7,874.56 in past attorney's fees – that

---

[7] TEX. CIV. PRAC. & REM. CODE § 41.001(4).

[8] TEX. CIV. PRAC. & REM. CODE § 41.001(12)

is fees she had already incurred. Dkt. No. 6-3.  That letter was sent on April 29, 2015. Dkt. No. 6-2.  Puente's current counsel began representing her on March 27, 2015. Dkt. No. 7-2.  Thus, Puente incurred those fees in one month.

The already incurred attorneys fees – when added to the treble damage model and statutory penalties – brings the total amount incurred to $62,924.02.  The remaining question for the Court is whether State Farm has established, by a preponderance of the evidence, that the additional attorney's fees to be incurred in the future will meet or exceed an additional $12,075.98.  Puente's attorneys bill their associate's time at a rate of $200 per hour and their partner's at $350 per hour. Dkt. No. 11.  This would require Puente's attorneys to bill at least 61 more hours of associate work or 35 hours of partner work, or some combination thereof, to meet the requirement.

State Farm argues that given how Puente incurred $7,874 in attorney's fees in the first month of representation, "it can be expected that the fees still to be incurred now that the matter is in litigation will be <u>substantially</u> and <u>exponentially</u> higher." Dkt. No. 7, p. 4 (emphasis original).  State Farm has provided no evidence establishing that Puente will continue to incur $7,800/month in attorney's fees until the case is concluded.  Rather, State Farm asks the Court to engage in conjecture as to the trajectory that the attorney's fees will take.  The Court is not permitted to engage in such "guesstimat[ing]." <u>Mintzer</u>, 51 Fed. App'x. at *3.

State Farm has provided no facts to show what the attorney's fees would be in this case.  Indeed, when given an additional opportunity to provide such facts, State Farm remained silent. <u>See</u> Dkt. No. 10 (giving State Farm the opportunity to respond to Puente's submission regarding attorney's fees).

Furthermore, according to the joint discovery and case management plan, State Farm is planning to file an opposed motion to abate these proceedings – including a "stay [of] formal discovery" – until an appraisal can be concluded. Dkt. No. 8, p. 3.  Thus, it is unclear what discovery will take place, if any, in this case.  In any event, it is not facially apparent

that Puente will incur at least $12,075.98 in attorney's fees going forward.

This is not a case where the attorney's fees will obviously and facially exceed $75,000. See Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002) (in a class action case where the attorney's fees of the entire class were aggregated, it was facially apparent that the amount in controversy would be met); Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) (in a case involving three defendants, 512 plaintiffs and a "wide variety of harm allegedly caused by wanton and reckless conduct" it was "common sense" that the amount in controversy was met). Those type of facts – where the amount in controversy would obviously be met – are not present in this case. Instead, the Court is confronted with a single claim that seeks less than $13,000 from State Farm for damage to a single residence, resulting from a single storm.

It is State Farm's burden to establish by a preponderance of the evidence that the claims in this case meet or exceed $75,000. Manguno, 276 F.3d at 723. In this case, there have been insufficient facts pled to support such a finding. Gebbia, 233 F.3d at 882-83 (noting that the defendant may use summary judgment-style evidence to prove the amount in controversy). In the instant case, the attorney's fees may – or may not – be sufficient to meet the amount in controversy. That ambiguity, however, is fatal to federal jurisdiction.

"Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Given this edict, the Court should hold that any ambiguities in the amount of attorney's fees should be construed in favor of remanding the case.

### E. Attorney's Fees on Motion to Remand

Puente has sought attorney's fees in connection with the motion to remand.

A plaintiff is not automatically entitled to attorney's fees when a case is remanded to state court. American Airlines, Inc. v. Sabre, Inc., 694 F.3d 539, 541-42 (5th Cir. 2012). The Court may award attorney's fees only "when the removing party lacks an objectively reasonable basis for removal." Id.

There was an objectively reasonable basis for removal in this case.  There is no indication in the record that the removal was "sought for the purpose of prolonging litigation and imposing costs on the opposing party." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).  While the amount of attorney's fees incurred by Puente was not clearly established at the time of removal, State Farm had an objectively reasonable argument that those fees would have created the necessary amount in controversy.  The motion for attorney's fees should be denied.

## IV. Recommendation

It is recommended that the motion to remand filed by Edith Puente, Dkt. No. 6, be granted and this case be remanded to the 444th District Court in Cameron County, Texas. It is further recommended that Puente's motion for the award of attorney's fees be denied.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on March 28, 2016.

Ronald G. Morgan
United States Magistrate Judge

12